UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER DUFRENE (#102405)     CIVIL ACTION

VERSUS

LT. SALTER, ET AL.                16-867-SDD-EWD

## RULING

On July 25, 2017, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court determined that Plaintiff was no longer entitled to proceed *in forma pauperis* in this case.[1] Accordingly, the Court vacated the prior grant of *pauper* status to Plaintiff and ordered him to pay, within 21 days, the full amount of the Court's filing fee.[2] The Court's *Order* advised Plaintiff that a failure to comply with the Court's *Order* "shall result in the dismissal of Plaintiff's action without further notice from the Court."[3]

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and *pauper* status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

---

[1] *See* Rec. Doc. 4.
[2] *Id.*
[3] *Id.*

action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.[4] Accordingly, pursuant to *Adepegba v. Hammons*,[5] which instructs that this Court should revoke the prior grant of *pauper* status to inmates who "strike out" and should require that they pay the Court's filing fee or face dismissal of their pending actions or appeals, the Court vacated the prior grant of *pauper* status to Plaintiff and directed him to pay the full amount of the Court's filing fee.[6] A review of the record by the Court now reflects that Plaintiff has failed to pay the filing fee as ordered.

Accordingly,

---

[4] Cases or appeals filed by Plaintiff that have been dismissed by the federal courts as frivolous, malicious or for failure to state a claim include, but are not limited to, *Christopher Dufrene v. Captain Turner, et al.*, Civil Action No. 05-2066-SMH (W.D. La.), *Christopher Dufrene v. Mrs. Been*, Civil Action No. 16-0049-SDD-EWD (M.D. La.), and *Christopher Dufrene v. Ray Hanson*, Civil Action No. 07-1090-SMH (W.D. La.) (dismissal for failure to state a claim where the failure to exhaust administrative remedies was clear from the face of Plaintiff's *Complaint*, recognized as being a "strike" in *Emmett v. Ebner*, 423 Fed. Appx. 492 (5th Cir. 2011); *Martinez v. Bus Driver*, 344 Fed. Appx. 492 (5th Cir. 2009); and *Johnson v. Kukua*, 342 Fed. Appx. 933 (5th Cir. 2009)).

[5] 103 F.3d 383 (5th Cir. 1996).

[6] *See id.* at 388 (concluding that the appeal there under review and all other pending appeals filed by a "three strikes" petitioner should be dismissed in the absence of payment by the petitioner of the full amount of the Court's filing fee).

IT IS HEREBY ORDERED that the above-captioned proceeding be dismissed without prejudice for failure of Plaintiff to pay the Court's filing fee.[7] *Judgment* shall be entered accordingly.

Baton Rouge, Louisiana the __3__ day of October, 2017.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[7] The Court has determined that the allegations of Plaintiff's Complaint do not fall within the "imminent danger" exception to 28 U.S.C. § 1915(g). See Rec. Doc. 4 at n. 2.